IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BOBBY DEWAYNE PAYNE                                                                   PLAINTIFF

v.                                         Case No. 4:21-cv-4076

JAIL ADMINISTRATOR GINA BUTLER,
Little River County Detention Center; and
CAPTAIN TRACY SMITH, Little River
County Detention Center                                                              DEFENDANTS

## ORDER

Before the Court is Plaintiff Bobby Dewayne Payne's failure to keep the Court informed of his current address.

Plaintiff filed this 42 U.S.C. § 1983 action *pro se* on October 27, 2021. ECF No. 1. His application to proceed *in forma pauperis* was granted that same day. ECF No. 3. On May 16, 2022, the Court granted Defendants' Motion to Compel (ECF No. 13) and ordered Plaintiff to respond to Defendants' First Set of Interrogatories and Requests for Production of Documents by June 6, 2022. ECF No. 14. On July 26, 2022, Defendants notified the Court that Plaintiff had failed to comply with the Court's order to respond to discovery. ECF No. 15. Two days later, the Court ordered Plaintiff to show cause by August 18, 2022, as to why he failed to comply with the Court's order regarding discovery. ECF No. 16. On August 5, 2022, this order was returned to the Court as undeliverable, indicating "RETURN TO SENDER NOT DELIVERABLE AS ADDRESSED UNABLE TO FORWARD." ECF No. 17.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R.

Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey,* 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).  Additionally, Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Plaintiff has failed to keep the Court informed of his address and failed to prosecute this case.  Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed.  Accordingly, Plaintiff's Complaint (ECF No. 1) is hereby **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED,** this 12th day of September, 2022.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge